FLETCHER B. ENOCHS *v.* MISSISSIPPI BANK & TRUST COMPANY.

[39 South. Rep., 529.]

EQUITY JURISPRUDENCE. *Remedy at law. Inadequacy of.*

> A court of equity will entertain a suit for discovery and relief, upon a promissory note, against the maker and the payee who indorsed the same to the complainant, where a subsequent written agreement affecting liability on the note was entered into by them before its assignment, of which the complainant had no notice when he acquired the note, and the possession of which is withheld from him, leaving him uncertain as to what his rights are.

FROM the chancery court of, first district, Hinds county.

HON. ROBERT B. MAYES, Chancellor.

The Mississippi Bank & Trust Company, the appellee, was complainant in the court below; Enochs, the appellant, and others, were defendants there. From a decree overruling a demurrer to the bill of complaint, Enochs, one of the defendants, appealed to the supreme court. The opinion of the court states the facts.

*Green & Green,* for appellant.

The sole support that the complainant relies upon is the decision of this court in *Mississippi Compress Co.* v. *Levy,* 83 Miss., 774 (s.c., 36 South. Rep., 281), but this case and the Levy case are as wide apart as the poles. Consider the present case in connection with the Levy case, and the very first thing to strike the mind is that there is no privity in the world between Enochs and the other two defendants. 1 Am. & Eng. Ency. Law (2d ed.), 1029; *Kountz* v. *Price,* 40 Miss., 345; *Dove* v. *Martin,* 23 Miss., 589; *Harmon* v. *Barstow,* 23 Miss., 279; *Bank* v. *Shaw,* 4 Smed. & M., 75; *Walker* v. *Railroad Co.,* 34 Miss., 255; *Meyer* v. *Morgan,* 51

Miss., 21; *Watts* v. *Bonner,* 66 Miss.; 634 (s.c., 6 South. Rep., 187); *George* v. *Solomon,* 71 Miss., 173 (s.c., 14 South. Rep., 531; 6 Ency. Pl. & Pr., 733); *Boyd* v. *Swing,* 38 Miss., 196; *Buckner* v. *Ferguson,* 44 Miss., 681 (2 Barbour's Ch. Pr., 105; 6 Ency. Pl. & Pr., 793); Bispham on Equity, sec. 562; Wigram on Discovery, 15; *Hazlehurst* v. *Cumberland, etc., Co.,* 83 Miss., 305 (s.c., 35 South. Rep., 951).

*Harper & Potter,* for appellee.

The chancery court has jurisdiction in this case, because of the necessity of a discovery, the embarrassed and inadequate remedy at law, to prevent a multiplicity of suits, and, finally, because the whole confusion and uncertainty as to liability was brought about by the joint action of the defendants to the bill, whose secret dealings and negotiations, involving a lawsuit, were withheld from appellee until after its money had been obtained upon an apparently valid and solvent obligation. *Mississippi Compress Co.* v. *Levy,* 83 Miss., 774 (s.c., 36 South. Rep., 281).

This concealment was as to a material fact; and Mims, on account of his interest and relation to the two corporations, was under a legal duty to communicate to the other officers of the bank, who had no personal interest in the matter, his whole knowledge as to the transaction. This jurisdictional question we do not care to press, because we believe that Mr. Mims thought Enochs would pay the note, and we do not think he intended to do the bank any wrong.

The argument of appellant was directed against the jurisdiction of the court on the bill made by appellee. This question we think is settled against him by Const. 1890, sec. 146; *Cazeneuve* v. *Curell,* 70 Miss., 521 (s.c., 13 South. Rep., 32); *Goyer* v. *Wilderberger,* 71 Miss., 443 (s.c., 15 South. Rep., 235); *Railroad Co.* v. *Le Blanc,* 74 Miss., 650 (s.c., 21 South. Rep., 748).

Argued orally by *G. W. Green,* for appellant, and by *W. H. Potter,* for appellee.

WHITFIELD, C. J., delivered the opinion of the court.

The case made by the amended bill is substantially this: That Enochs took out a life-insurance policy in the New York Life Insurance Company; that he had at the time a previous policy in said company; that the defendant Mims negotiated this contract of insurance, and received a premium note of $903 for the same, and transmitted the same to the home office of the company at New York; that upon its reception it was discovered that there was a discrepancy between the application in this case and the previous application as to the age of Enochs; that thereupon the company sent the policy to Mims, with instructions not to consummate the contract until this discrepancy should be explained; that there ensued a conference between Mims and Enochs touching this and other matters, and that thereupon a written agreement was entered into between Mims, as agent for the company, and Enochs, fixing and settling the liability of Enochs; that this written agreement reinstated the note as a valid note upon the execution of the written agreement which is averred to be the real basis of the action; that thereafter the note was forwarded from the home office at New York to Mims for collection; that Mims was both agent for the New York Life Insurance Company and the president of the Mississippi Bank & Trust Company; that Mims as president of the bank bought from himself as agent of the insurance company the note; that the directors of the bank had no knowledge of any equities against the note that might arise out of the contents of said written agreement; that the note was made payable by Enochs to his own order, and indorsed by him in blank—all this being done, however, prior to the written agreement; that the bank notified Enochs that it was the owner of the paper and demanded payment, whereupon Enochs denied all liability, plac-

ing his nonliability upon the alleged wrongful conduct of the other defendants subsequent to said written agreement; that Mims' action in buying the note for the bank as agent of the insurance company was unlawful, he having a personal interest in the commissions accruing from said note; that a discovery of the contents of said written instrument was essential to the ends of justice and necessary in the cause, to enable the complainant to fix the liability where it was placed by the terms of said written agreement; that by virtue of these dealings between the three parties—Enochs, and Mims as agent of the insurance company, on the one hand, and Mims as president of the bank, on the other —the whole uncertainty and confusion as to where the liability lawfully belonged had been directly created by the said conduct of the three defendants themselves, and that the remedy, if any, at law was thereby made wholly inadequate. Wherefore the bill prayed primarily for discovery, and, upon discovery, for a decree for the amount of the note. The bill was demurred to on the ground of want of jurisdiction, the insistence being that the remedy was at law. The court below overruled the demurrer. Mims and the New York Life Insurance Company declined to appeal, but Enochs prosecuted this appeal alone.

The argument chiefly insisted upon for appellant is that, since the note was not within our anticommercial statute, no equities which Enochs had against the note could be set up, and hence that a discovery, the object of which was to disclose such equities, would be immaterial. This view fails to take in the full scope and breadth of the case made by the bill. It is to be observed, first, that this note is still in the hands of a bank of which Mims is president; that the averment is, not that the bank did not know of these equities, but that the directors did know that the purchase was unlawful, and the question as to whether notice to Mims, the president, would be notice to the bank, was left open; and, finally, that the suit proceeds for its main basis, not upon the note originally given, as a piece of

commercial paper, payable to bearer, practically, but upon the liability upon said note growing out of a subsequent written agreement, which was necessary to adjust the differences in dispute between the parties and reinstate the note as a binding obligation, and that the dealing with this note had been by Mims, agent both for the insurance company and the bank and the negotiator of the insurance, with Enochs. It is easily conceivable upon this state of case that Enochs might prevail in a suit at law and that the life-insurance company might prevail in a second suit at law. Learned counsel for appellant frankly admit that "the argument for appellee might have been sound under a different state of case, but not where the discovery sought is irrelevant and immaterial"—that is to say, counsel admit that the argument that both Enochs and the New York Life Insurance Company might successfully defeat actions at law might be sound argument but for the fact that the one piece of paper, the note, looked at by itself, is practically payable to bearer, and therefore would ordinarily cut off equities. But this view takes in only half of the case made by the bill. Looking at the whole case, as we have stated it, we think it a case peculiarly for equity jurisdiction, because of the manifest confusion and uncertainty which the defendants themselves by their conduct in the matter have created, and because, as a corollary of this, of the utter inadequacy of the remedy at law. The case falls within the principles announced in *Mississippi Compress Co.* v. *Levy*, 83 Miss., 774 (36 South. Rep., 281).

*Therefore the decree is affirmed, and the cause remanded, with leave to answer within thirty days from the filing of the mandate in the court below.*